UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ZHIWAR ISMAIL,　　　　　　　　　　　　Case No. 25-CV-4665 (ECT/JFD)

　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

OELRICH, #308 Police Officer,

　　　　Respondent.

---

Petitioner Zhiwar Ismail was recently found guilty after a jury trial in state court on one count of possession of a firearm by an ineligible person. *See State of Minnesota v. Ismail*, No. 14-CR-25-610 (Minn. Dist. Ct.). Mr. Ismail has not yet been sentenced. As of today, Mr. Ismail remains in custody at the Clay County Jail awaiting that sentencing.

Mr. Ismail has filed a petition for a writ of habeas corpus alleging that he has been "deprived of [his] liberty & rights." Petition at 6 [Dkt. No. 1]. The habeas petition is not long on particulars, but Mr. Ismail appears to believe that there was a lack of probable cause for the arrest that led to his conviction, that the search that uncovered the unlawful weapon was unlawful, and that he was mistreated by the arresting officer. Mr. Ismail asks for monetary damages in compensation. *See id.* at 7.

The habeas petition filed by Mr. Ismail is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

1

District Courts.[1] After review, this Court concludes that the habeas petition should be summarily denied.

There are multiple problems with Mr. Ismail's habeas petition. The first is that Mr. Ismail is seeking only monetary damages for the allegedly unlawful arrest and detention. But "[h]abeas corpus is for getting out of detention sooner, not for seeking compensation from the government for having wrongfully been in detention." *Marcum v. Olmsted County Health*, No. 24-CV-2655 (JWB/JFD), 2024 WL 4480248, at *1 (D. Minn. July 10, 2024) (citing *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1995) (per curiam)). A prisoner may use a habeas corpus petition as a means of challenging the lawfulness of detention, but not for procuring monetary damages.

Second, even if Mr. Ismail were requesting the appropriate remedy (release from custody), it would be too soon for him to seek federal habeas corpus relief. Although 28 U.S.C. § 2241 does not include an express exhaustion requirement, federal courts have consistently required that state prisoners, even those not held pursuant to a state-court judgment, first present their claims to the state courts (including state appellate courts) before seeking habeas relief in federal court. *See, e.g.*, *Abdikarim v. State*, No. 24-CV-2013 (NEB/LIB), 2024 WL 3557772, at 1-2 (D. Minn. June 17, 2024) (collecting cases). And after judgment is entered in Mr. Ismail's criminal case (as appears imminent), that judicially imposed exhaustion requirement will become statutorily mandated. *See* 28

---

[1] Because Judgment has not yet been entered in Mr. Ismail's criminal case, his habeas petition is not brought pursuant to 28 U.S.C. § 2254. Nevertheless, the Rules Governing Section 2254 Cases may be applied to his petition. *See* Rule 1(b).

U.S.C. § 2254(b). To the extent that Ismail seeks to challenge his conviction, he must avail himself of the state courts first.

Third, even if Mr. Ismail's habeas petition were construed as a non-habeas civil pleading seeking non-habeas civil relief, *see Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014), this case would still be subject to summary dismissal. Mr. Ismail's allegations are entirely conclusory, and a complaint cannot be founded on nothing but conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because Mr. Ismail is a prisoner, his complaint (if this were a complaint) would be subject to preliminary review under 28 U.S.C. § 1915A and would undoubtedly be dismissed under that provision for failure to state a claim on which relief may be granted.

Finally, even if Mr. Ismail had pleaded a claim on which relief may be granted, there would *still* be a problem—on the very same day he filed this habeas action, Mr. Ismail also filed a lawsuit in this District against the same officer named as the respondent here. *See Ismail v. Oelrich*, No. 25-CV-4663 (JWB/DLM) (D. Minn filed Dec. 16, 2025). Any non-habeas claims that Mr. Ismail might have available to him against the officer can be litigated in that proceeding, with no need for a duplicative parallel lawsuit against the same officer. *See* Fed. R. Civ. P. 18(a).

Accordingly, it is recommended that Mr. Ismail's habeas petition be denied. Only two further matters merit brief comment. First, because it is recommended that the habeas petition be summarily denied, it is further recommended that Mr. Ismail's pending application to proceed *in forma pauperis* be denied as well. *See Kruger*, 77 F.3d at 1074 n.3. Second, an appeal cannot be taken from "the final order in a habeas corpus

proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); *see also Evans v. Circuit Ct. of Cook County*, 569 F.3d 665, 666 (7th Cir. 2009); (holding that state detainees not yet held pursuant to judgment must procure a COA to appeal a final habeas order). This Court does not believe that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" if this matter were to be dismissed on the grounds recommended above. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is therefore recommended that Mr. Ismail not be granted a COA.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT **IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Zhiwar Ismail [Dkt. No. 1] be **DENIED**.

2. Ismail's application to proceed *in forma pauperis* [Dkt. No. 2] be **DENIED**.

3. No certificate of appealability be issued.


Dated: December 17, 2025        *s/ John F. Docherty*
                                JOHN F. DOCHERTY
                                United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

4

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).